[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Darien, Connecticut on September 9, 1972. They have resided continuously in this state since that date. There is one minor child issue of the marriage, Peter Zamolsky born July 13, 1978.
The evidence presented at trial has clearly established the allegation that their marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 4176
The court has carefully considered the criteria set forth in Sections 46b-56, 46b-81, 46b-82, and 46b-84 of the Connecticut General Statute in reaching the decisions reflected in the orders that follow.
Both parties are 55 years of age. It has been a difficult marriage and it would appear that the parties have had an unhappy marriage for several years. The defendant worked seven days a week during the course of the marriage. He terminated his second job of 23 years when the plaintiff instituted this dissolution action. The defendant is employed by the New Canaan Highway Department and earns approximately $52,000. per year at the present time.
The plaintiff has been employed by the Connecticut Travel Center for the past fifteen years. She is on commission and as of April 1, 1992, she has earned $487.12 per month for the year 1992.
Both parties have some health problems. Although the parties have been married for approximately 20 years, both parties appeared to agree that the marriage had broken down some years before.
The court declines to assess fault to either party for the breakdown of their relationship. No useful purpose would be served by a review of the evidence as presented. Unfortunately, the parties were unable to resolve their marital difficulties.
The following orders shall enter:
A. Custody
1. Sole custody of the minor child is awarded to the plaintiff with rights of reasonable visitation to the defendant.
2. The parties are referred to Family Services to mediate a workable and reasonable visitation schedule keeping in mind the desires and best interests of the minor child who will be 14 years of age on July 13, 1992. The parties shall return to court if they are unable to mediate a visitation schedule.
B. REAL ESTATE
1. The plaintiff wife owned the real estate prior to the marriage. The court finds that the defendant husband quit claimed his interest in the real estate located at 15 Lake Drive, Darien, Connecticut back to the wife in 1977.
2. The plaintiff shall be the sole owner of the real estate located at 15 Lake Drive, Darien, Connecticut. The plaintiff shall be solely responsible for the Home Equity Loan and Home Improvement CT Page 4177 Loan on the premises and shall hold the defendant harmless therefrom.
C. Assignment of Property
1. As an assignment of property the plaintiff shall pay to the defendant the sum of $27,600 (Twenty Seven Thousand Six Hundred). Said sum shall be paid to the defendant upon the sale of the real estate but in no event later than August 1, 2002, whichever event shall first occur. A lien in the amount of $27,600 shall be placed on the real estate located at 15 Lake Drive, Darien, Connecticut to protect the defendant's interest.
D. Alimony Child Support
1. The defendant shall pay to the plaintiff as unallocated alimony and child support the sum of $1,975 per month to be reduced to $1,500 per month commencing August 1, 1996. Said payments shall commence May 1, 1992.
2. Said payments shall be made by the defendant to the plaintiff until the death of the husband, the death of the wife, or the wife's remarriage, whichever event shall first occur. Upon the defendant's retirement, the court shall take another look as to the amount and duration of alimony.
3. In the event alimony shall terminate for any reason, prior to the minor child reaching the age of 18 years, child support for the minor child shall be in accordance with the child support guidelines.
E. Medical Coverage
1. The defendant shall provide and maintain medical and dental insurance as is available through his employment for the benefit of the minor child. Any unreimbursed medical and dental expenses shall be equally divided between the parties.
2. The medical/dental bill of Dr. Boldrigini in the amount of $2,500 incurred for the minor child shall be processed forthwith through the defendant's medical insurance carrier for payment. Any unreimbursed amount shall be equally divided between the parties.
3. 46b-84 (c) C.G.S. is ordered. It is further ordered that all medical/dental payments be made directly to the health supplier and not to the defendant or the plaintiff.
4. The plaintiff shall be entitled to COBRA benefits as are available through the defendant's medical coverage. The plaintiff shall be responsible for any expense in connection with the COBRA CT Page 4178 benefits.
F. Life Insurance
1. The defendant shall provide and maintain a life insurance policy in the amount of $10,000 as is available through his place of employment for the benefit of the minor child, for so long as the defendant has an obligation for support of the minor child.
G. Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits unless otherwise disposed of in this memorandum.
H. Personal Property
1. Each of the parties shall retain their own automobiles.
2. The husband shall be entitled to his boat and his personal property.
3. The remaining furniture and furnishings shall be the sole property of the wife.
I. Pendente Lite Orders
There is an arrears on the Pendente Lite Orders as to alimony and support as of April 29, 1992. The parties shall exchange the necessary information to arrive at an accurate arrearage figure. The court shall retain jurisdiction over the arrears to enter an appropriate order as to payment. Said arrears shall not merge in the Judgment.
J. Change of Name
The plaintiff is granted a change of name to Barbara A. Habekost.
K. An immediate withholding is ordered.
COPPETO, J.